# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**            **CASE NO. 6:21-cr-10038-JWB-1-2-3**

**JESUS MONTES**
**a/k/a Speedy,**
**ALEJANDRO ARROYO, and**
**JORGE SANTANA**
**a/k/a Serio,**

      **Defendants.**

# SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**CONSPIRACY TO DISTRIBUTE**
**A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 846]**

From on or about July, 2020, continuing through October, 2020, in the District of

Kansas, and elsewhere, the defendants,

**JESUS MONTES**
**a/k/a Speedy,**
**ALEJANDRO ARROYO, and**
**JORGE SANTANA**
**a/k/a Serio,**

knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and to distribute fifty (50) grams or more of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). With respect to each defendant, their conduct as members of the methamphetamine conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count One, involved 50 grams or more of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

In violation of Title 21, United States Code, Section 846.

## COUNT 2

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)(1)]**

On or about August 28, 2020, in the District of Kansas, the defendant,

**ALEJANDRO ARROYO,**

did unlawfully, knowingly, and intentionally distribute 50 grams or more of methamphetamine (actual), a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

# COUNT 3

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)(1)]**

On or about September 3, 2020, in the District of Kansas, the defendant,

**JORGE SANTANA**
**a/k/a SERIO,**

did unlawfully, knowingly, and intentionally distribute 50 grams or more of methamphetamine (actual), a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

# COUNT 4

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)(1)]**

On or about September 9, 2020, in the District of Kansas, the defendant,

**JORGE SANTANA**
**a/k/a SERIO,**

did unlawfully, knowingly, and intentionally distribute 50 grams or more of methamphetamine (actual), a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

# COUNT 5

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)(1)]**

On or about September 18, 2020, in the District of Kansas, the defendant,

**JORGE SANTANA**
**a/k/a SERIO,**

did unlawfully, knowingly, and intentionally distribute 50 grams or more of methamphetamine (actual), a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

# COUNT 6

**POSSESS WITH THE INTENT TO**
**DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)(1)]**

On or about September 25, 2020, in the District of Kansas, the defendant,

**JORGE SANTANA**
**a/k/a SERIO,**

did unlawfully, knowingly, and intentionally possess with the intent to distribute 50 grams or more of methamphetamine (actual), a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

# COUNT 7

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)(1)]**

On or about October 7, 2020, in the District of Kansas, the defendant,

**ALEJANDRO ARROYO,**

did unlawfully, knowingly, and intentionally distribute 50 grams or more of methamphetamine (actual), a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

# COUNT 8

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)(1)]**

On or about October 13, 2020, in the District of Kansas, the defendant,

**ALEJANDRO ARROYO,**

did unlawfully, knowingly, and intentionally distribute 50 grams or more of methamphetamine (actual), a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

# COUNT 9

**POSSESS WITH THE INTENT TO**
**DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)(1)]**

On or about October 15, 2020, in the District of Kansas, the defendant,

**ALEJANDRO ARROYO,**

did unlawfully, knowingly, and intentionally possess with the intent to distribute 50 grams or more of methamphetamine (actual), a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 10

**POSSESSION OF A FIREARM
BY A CONVICTED FELON
[18 U.S.C. § 922(g)(1)]**

On or about October 15, 2020 in the District of Kansas, the defendant,

**ALEJANDRO ARROYO,**

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year (a felony), did knowingly and unlawfully possess, in and affecting commerce, a firearm, which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 11

**ILLEGAL POSSESSION OF A
MACHINE GUN
[18 U.S.C. § 922(o)]**

That on or about October 15, 2020, in the District of Kansas, the defendant,

**ALEJANDRO ARROYO**,

did knowingly and unlawfully possess a machinegun as defined in 26 U.S.C. § 5845(b), that is, a Glock Model 22, .40 Caliber handgun.

In violation of Title 18, United States Code, Sections 922(*o*) and 924(a)(2).

# COUNT 12

**POSSESSION OF A FIREARM IN
RELATION TO A DRUG TRAFFICKING CRIME
[18 U.S.C. § 924(c)]**

On or about October 15, 2020, in the District of Kansas, the defendant,

**ALEJANDRO ARROYO,**

knowingly possessed a firearm, that is a machinegun defined in 26 U.S.C. § 5845(b), in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 924(c).

## FORFEITURE NOTICE

1. The allegations contained in Counts 1-12 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c)

2. Upon conviction of one or more of the offenses set forth in Counts 1-2 and 7-12 of this Indictment, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offenses, including, but not limited to:

    A.    Glock Model 22, .40 Caliber handgun, serial number KCC085;

    B.    accompanying ammunition.

All pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

3. Upon conviction of one or more of the offenses set forth in Counts 1-9, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

    A. A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by them from the commission of Count[s] 1-9;

    B. Glock Model 22, .40 Caliber handgun;

    C. accompanying ammunition.

4. If any of the property described above, as a result of any act or omission of the defendants:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

September 8, 2021      s/Foreperson
DATE     FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: *Aaron L. Smith*
AARON L. SMITH
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: aaron.smith3@usdoj.gov
Ks. S. Ct. No. 20447

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

# PENALTIES

**Counts 1-9**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life imprisonment. 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 846.

- A term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 10**

- Punishable by a term of imprisonment of not more than ten (10) years. 18 U.S.C. § 924(a)(2).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 11**

- Punishable by a term of imprisonment of not more than ten (10) years. 18 U.S.C. § 924(a)(2).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 12**

- Punishable by a term of imprisonment of not less than five (5) years and no more than life. 18 U.S.C. § 924(c)(1)(A)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii). If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life. 18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.